# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Michael Chan | ) | |
| Plaintiff, | ) | Case No.: 14 C 2332 |
| | ) | |
| v. | ) | |
| | ) | Judge Manish S. Shah |
| John Doe 1, et al. | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff has filed a letter requesting a continuance of the status hearing scheduled for 8/15/14. A review of the docket reveals that plaintiff was granted in forma pauperis status upon payment of a reduced filing fee of $200. Pursuant to Title 18, United States Code, Section 1915(e)(2)(B), the court may dismiss a complaint at any time if it fails to state a claim upon which relief may be granted (or seeks monetary relief against a defendant who is immune from such relief). Plaintiff's amended complaint, filed on July 9, 2014, purports to state claims against unidentified Cook County Assistant State's Attorneys (John Does I and II) under Title VII of the Civil Rights Act (employment discrimination) and Title 18, United States Code, Section 241 (criminal prohibition on conspiracies to violate civil rights). Plaintiff also filed his amended complaint using a form in which he selected Title 42, United States Code, Section 1983 as his cause of action. Plaintiff submitted a similar, original complaint on April 1, 2014.

Plaintiff alleges that in January 2008, he had a telephone conversation with a Cook County Assistant State's Attorney (John Doe I). In this conversation, plaintiff told the Assistant State's Attorney that three Chicago Police Officers had once searched plaintiff without probable cause and without consent. John Doe I then insulted and harassed the plaintiff with sexually explicit conversation. A second Assistant State's Attorney (John Doe II) was present during the conversation and did nothing to stop John Doe I. To pressure plaintiff not to pursue a complaint against the police officers, John Doe I made false statements and threatened to have plaintiff charged with a crime. No charges were ever filed.

The complaint does not state a claim. First, Title VII sexual harassment claims apply in the employment context. Plaintiff does not allege any employment relationship with the Cook County State's Attorney's Office (nor has he alleged any of the required administrative preconditions to filing suit under Title VII). Second, Section 241 is a criminal statute, not a civil cause of action. Finally, the statute of limitations for claims under Section 1983 is two years, and plaintiff alleges that this conduct occurred in January 2008. The statute of limitations is an affirmative defense, but if the defense is apparent and unmistakable from the complaint's face, a court may dismiss the complaint when screening it. In this case, while plaintiff makes a conclusory argument about a continuing conspiracy, there are no plausible factual allegations of state actors violating plaintiff's rights beyond the one telephone conversation in January 2008. Plaintiff states he made a complaint to the State's Attorney's Office in December 2013 about the January 2008 incident, and no one responded. The December 2013 event does not involve the

two John Does plaintiff is attempting to sue. Those defendants are alleged to have harmed plaintiff in January 2008, and no later.

Beyond the statute of limitations problem, the complaint does not allege a violation of plaintiff's constitutional rights. Assuming the facts in the complaint are true, plaintiff was subjected to insulting sexual comments and his information about potential criminal conduct was ignored by the State's Attorney's Office. One of the Assistant State's Attorneys threatened to charge plaintiff with a crime during a voluntary interview, but no charges were ever filed. I see no basis to conclude that plaintiff was deprived of equal protection of the laws (e.g., sex discrimination), substantive due process (e.g., bodily integrity), or the right to be free from unreasonable seizures. Plaintiff's rights to free speech, association, and petition the government were not deprived. Nor can I identify any other federal right implicated by a law enforcement agency's improper handling of a citizen's complaint as described by plaintiff.

The court previously allowed plaintiff an opportunity to identify the John Doe defendants, by issuing a subpoena to the Cook County State's Attorney's Office. See Docket # 8. Plaintiff has not identified the defendants, and requests additional time. Docket # 14. Because my review of the complaint reveals that it does not state a claim, I decline plaintiff's request. Identifying the John Does would be futile at this point. I note that plaintiff has not attempted to serve a summons of complaint on the Cook County State's Attorney's Office, and no defendant has appeared in the case.

The complaint is dismissed for failure to state a claim. The status hearing set for 8/15/14 is stricken. Plaintiff's motion for a continuance [14] is denied as moot. Terminate civil case.

Date: 8/11/14 /s/ _____

Manish S. Shah
UNITED STATES DISTRICT JUDGE